Pro Se 15 2016

FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL -5 2018  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

HENRY JAMES

Plaintiff(s),

v.

FPI MANAGEMENT, INC.
Ms. SHANNON DUSTIN
Ms. CANDACE PERRIN, ET. AL

Defendant(s).

CASE NO. 18 CV 998 RSM
[to be filled in by Clerk's Office]

COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS
(for use only by plaintiffs not in custody)

Jury Trial: ☑ Yes ☐ No

## I. THE PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

Name: HENRY JAMES
Street Address: 14100 LINDEN AVE. N, APT. 449B
City and County: SEATTLE, KING COUNTY
State and Zip Code: WASHINGTON, 98133
Telephone Number: 206 229-7581

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 1

B. Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

- Name: FPI MANAGEMENT, INC.
- Job or Title (if known): CT CORPORATION SYSTEM
- Street Address: 505 UNION AVE. SE, SUITE 120
- City and County: OLYMPIA, THURSTON
- State and Zip Code: WASHINGTON, 98501
- Telephone Number: (360) 357-6794
- ☐ Individual capacity   ☑ Official capacity

Defendant No. 2

- Name: MS. SHANNON DUSTIN
- Job or Title (if known): EXECUTIVE DIRECTOR
- Street Address: 800 IRON POINT RD.
- City and County: FOLSOM, SACRAMENTO
- State and Zip Code: CALIFORNIA, 95630
- Telephone Number: (916) 357-5300 EXT. 473
- ☑ Individual capacity   ☐ Official capacity

Defendant No. 3

- Name: MS. CANDACE PERRIN
- Job or Title (if known): PROPERTY MANAGER
- Street Address: 14200 LINDEN AVE. N.
- City and County: SEATTLE, KING COUNTY
- State and Zip Code: WASHINGTON, 98133
- Telephone Number: (206) 364-3700
- ☑ Individual capacity   ☐ Official capacity

Pro Se 15 2016

Defendant No. 4

Name: Ms. CINDY HAGER
Job or Title (if known): ONSITE MANAGER
Street Address: 14200 LINDEN AVE. N.
City and County: SEATTLE, KING COUNTY
State and Zip Code: WASHINGTON, 98133
Telephone Number: (206) 364-3700
☐ Individual capacity  ☐ Official capacity

## II. PREVIOUS LAWSUITS

Have you brought any other lawsuits in any federal court in the United States:?

☒ No    ☐ Yes    If yes, how many? _____

Describe the lawsuit:

_____
_____
_____
_____

Parties to this previous lawsuit:

_____
_____
_____
_____

Plaintiff(s)

_____
_____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 3

B. Continued, Defendant(s)

DEFENDANT NO. 5
Name                     Kristopher Williamson
Job or Title (if known)  Leasing Manager
Street Address           14200 Linden Ave. N. (Last Known Address)
City and County          Seattle,  King County
State and Zip Code       Washington,  98133
Telephone Number         (206) 364-3700
 X Individual capacity       Official capacity


DEFENDANT NO. 6
Name                     Rita Ardeiente
Job or Title (if known)  Compliance Specialist
Street Address           14200 Linden Ave. N. ( Last Known Address)
City and County          Seattle,  King County
State and Zip Code       Washington,  98133
Telephone Number         (206) 364-3700
  Individual capacity     X Official capacity

DEFENDANT NO. 7
Name                     Mirza Hadjaravic
Job or Title (if known)  Maintenance Supervisor
Street Address           14200 Linden Ave. N.
City and County          Seattle,  King County
State and Zip Code       Washington,  98133
Telephone Number         (206) 364-3700
 X Individual capacity       Official capacity

DEFENDANT NO. 8
Name                     Brannden Francisco
Job or Title (if known)  Certification Specialist-2
Street Address           190 Queen Anne Ave. N.
City and County          Seattle,  King County
State and Zip Code       Washington  98133
Telephone Number         (206) 239-1728
  Individual capacity     X  Official capacity

DEFENDANT NO. 9
Name                          Michael Chin
Job or Title (if known)       Enforcement Manager
Street Address                810 Third Ave., Suite 750
City and County               Seattle, King County
State and Zip Code            Washington 98104
Telephone Number              (206) 684-4500
  Individual capacity         X Official capacity

DEFENDANT NO. 10
Name                          Patricia Lally
Job or Title (if known)       Director for Seattle Office of Civil Rights
Street Address                810 Third Ave., Suite 750
City and County               Seattle, King County
State and Zip Code            Washington 98104
Telephone Number              (206) 684-4500
  Individual capacity         X Official capacity

DEFENDANT NO. 11
Name                          Kristopher Dillard
Job or Title (if known)       Compliance Specialist
Street Address                14200 Linden Ave. N
City and County               Seattle, King County
State and Zip Code            Washington, 98133
Telephone Number              (206) 364-3700
X Individual capacity             Official capacity

Pro Se 15 2016

_____

_____

Defendant(s)

_____

_____

_____

_____

*(If there is more than one previous lawsuit, describe the additional lawsuits on another piece of paper using the same outline. Attach additional sheets, if necessary)*

Court and name of district:

_____

Docket Number: _____

Assigned Judge: _____

Disposition: *(For example, was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?)*

_____

_____

_____

Approximate filing date of lawsuit: _____

Approximate date of disposition: _____

### III.    BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens*

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 4

1  v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may

2  sue federal officials for the violation of certain constitutional rights.

3  A.   Are you bringing suit against *(check all that apply)*:

4  ☐   Federal officials (a *Bivens* claim)

5  ☑   State or local officials (a § 1983 claim)

6  B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or

7  immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are

8  suing under section 1983, what federal constitutional or statutory right(s) do you claim

9  is/are being violated by state or local officials?

RACIAL DISCRIMINATION IN HOUSING - 1964 CIVIL RIGHTS ACT, 42 U.S.C. 3601; RETALIATION - WASH. REV. CODE §§ 59.18.240, 59.18.250 AND FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES. SEATTLE MUNICIPAL CODE 14.08.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 5

under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____
_____
_____
_____

## IV. STATEMENT OF CLAIM

*State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

SEE ATTACH "HOUSING RACIAL DISCRIMINATION CLAIM" AND "RETALIATION CLAIM IN VIOLATION OF THE FIRST AMENDMENT"!

A. Where did the events giving rise to your claim(s) occur?

OVER THE PHONE; THE TRESSA APARTMENTS MANAGEMENT OFFICE

B. What date and approximate time did the events giving rise to your claim(s) occur?

SEE CLAIMS ATTACHED!

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE CLAIMS ATTACHED!

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 6

**HOUSING RACIAL DISCRIMINATION CLAIM**

On September 27, 2013, plaintiff (an african american male), moved into the Tressa Apartments. On June 13, 2016, plaintiff went into the managment office and spoke with defendant Ardeiente-Tressa Compliance Specialist, requesting a transfer from his studio in unit 449B to a one-bedroom apartment in unit 620B. Defendant Ardeiente gave plaintiff the necessary paperwork to fill out and plaintiff paid the $99.00 application fee. Defendant Ardeiente informed plaintiff that he always paid his rent on time and has never caused any problems and would only have to wait until the old residents move out on the first of the month. Defendant Ardeiente also informed plaintiff that she would be leaving for a new job soon, but plaintiff would be approved to move into the one bedroom (Unit 620B). Towards the end of the month on or about June 17, 2016, plaintiff went into the management office and spoke with Defendant Williamson-Leasing Manager, concerning the status of his transfer; while sitting at defendant Williamson desk, plaintiff notice a white female passing by and turned to glance at her; when plaintiff turned back to defendant Williamson(a white male), the expression on his face as well as his attitude changed immediately. Defendant Williamson then informed the plaintiff that he's not giving him the one bedroom. Plaintiff then asked defendant Williamson why not, but he refused to give him a reason. Plaintiff then ask defendant Williamson to speak to someone over him. Plaintiff was notified by defendant Perrin that he needed to have an inspection on his Unit 449B. Plaintiff asked defendant Perrin what day the inspection would take place so that he can be home and was told she would let him know when. Between June 17th and the 24th plaintiff's apartment was inspected while he was at work. Plaintiff was told that he failed inspection due to bleach stains in his carpet. Plaintiff immediately confronted defendant Hadjaravic-Maintenance Supervisor informing him that these bleach stains weren't there when he left for work. Plaintiff accused defendant Hadjaravic of sabotaging his carpet to keep him from moving to the one bedroom. Defendant Perrin informed plaintiff that he was denied, but afterwards informed the plaintiff that if he uses his deposit to pay for the carpet she would reconsider. Plaintiff also informed defendant Perrin that the carpet wasn't new anyway when he moved in and that the carpet had just been clean. Defendant Perrin falsified her response to the plaintiff verbally by saying the carpet was new when he moved in and i would have to stay in Unit 449B at least 7 years in order not to pay for the bleach stains. Plaintiff later agreed to pay just to move into a bigger apartment. On June 24, 2017, defendant Perrin informed plaintiff that he needed to fill out another Residential Eligibility Application and Employment Income Verification form. Around mid July 2016, plaintiff asked his former employer Mr. Sengstock could he give him his email address so that the Tressa management could email him the Employment Income Verification form. Mr. Sengstock agreed to give plaintiff the email address and plaintiff gave it the defendant Williamson. A few days later plaintiff called the management office to inquire about his move and was informed by a female via phone conversation that i wasn't authorize to turn in the Employment Income Verification Form, and that Mr. Sengstock was suppose to email it back to them. Plaintiff went to work the next day and ask Mr. Sengstock could he email the verification form; Mr. Sengstock then got angry with plaintiff stating he don't have time. As a result of defendant's Williamson and Perrin actions on or about July 25, 2016, plaintiff was fired from his job working for Mr. Sengstock. On july 29, 2016, defendant Perrin denied plaintiff's application

PAGE ONE

to rent Unit620B. Plaintiff states that Unit 620B was rented to tenants outside his protected class. Between the months of July 2016 and May 2017 plaintiff filed about 3 complaints with FPI management office in Folsom California. Plaintiff has left defendant Dustin-Executive Director of Tressa management, several voicemails concerning the actions of defendant Williamson, Perrin and Hager, and as of today, plaintiff have not received a response.

On June 19, 2017, plaintiff filed a complaint with the Seattle Office of Civil Rights ("SOCR") and the Department of Housing and Urban. Plaintiff received an Acceptance Letter dated June 20, 2017, from the U.S. Department of Housing and Urban Development informing him that his complaint was referred by their office to the Seattle Office for Civil Rights for investigation as required by the Act [42 U.S.C. 3610(f)]. Plaintiff's interview was with defendant Chin-Enforcement Manager for the Seattle Office for Civil Rights. According to the investigatory information given to defendant Lally-Director for Seattle Office of Civil Rights, by defendant Chin, there were dates and years of events wrong. They used apartment 602B to illustrate; plaintiff applied for apartment 620B. Plaintiff states that defendant Chin investigation was inadequate and bias against the plaintiff. On October 26, 2017, defendant Lally denied plaintiff's claims. Plaintiff filed an appeal before the Seattle Human Rights Commission Appeals Committee and was denied on January 18, 2018.

**RETALIATION CLAIM IN VIOLATION OF THE FIRST AMENDMENT**

On or about December 2016, plaintiff started being a victim of noise from the upstairs neighbor(549B), with constant banging on the floor every night between the hours of 9pm to 6am. During the months of January 2017 through December 2017 plaintiff first tried talking to the upstairs neighbor about the noise and he would say ok and stop for a day or two and start banging on the floor all day and night. During this time plaintiff was standing at the upstairs apartment asking him to hold the noise, while standing there plaintiff notice that the upstairs neighbor whole entire studio floor was covered with shoes, pots and pans. Plaintiff has over 2 ½ years of noise complaints he filed with the Night Security Supervisor via phone call and voicemails. Plaintiff states the night security guard nor his supervisor address the noise coming from plaintiff's upstairs neighbor(549B). Plaintiff has also filed several noise complaints with defendant Hager and other staff members working those days, but nothing was done to stop plaintiff's upstairs neighbor from harassing him with constant around the clock noise for over 2 ½ years. Computer records and phone records will show that plaintiff left numerous complaints to defendant Dustin but received no response.

The second act of retaliation started when defendant Hager falsely accuse the plaintiff for not paying his rent. Plaintiff received at letter dated July 19, 2017, from defendant Francisco-Certification Specialist II, informing the plaintiff that Seattle Housing Authority has annualized the calculation of his income beginning 6/1/17. Plaintiff spoke with defendant Francisco about the matter via phone conversation and emails; Defendant Francisco sent plaintiff a copy of the Contract Amendment of plaintiff's lease, also informing the plaintiff he sent defendant Hager copy July 27, 2017. Plaintiff states that defendant Hagar's copy is dated July

PAGE TWO

26, 2017. The amendment mainly explain that plaintiff's Family Rent Portion is $167.00, effective June 01, 2017. Between the months of September and October 6, 2017, plaintiff received several notices from defendant Hager stating "3-DAY NOTICE TO PAY RENT OR VACATE (SECTION 8); falsely accusing plaintiff of owing $745.00 for back rent. Plaintiff went to the management office to talk to defendant Hager several times showing her his copy proving that his rent had decreased and he owes less money not more and informing defendant Hagar that defendant Francisco informed him that he sent you your copy by U.S. mail and email in July or August and there's no way you should not have received it. During the months of September and October i informed defendant Hagar that defendant informed me that you should have been received your copy. Defendant Hager refused to try to get in touch with defendant Francisco to confirm the information that was presented to her by the plaintiff. Plaintiff tried to give defendant Hager a copy but she refused to take it saying she needed to here from Housing. On October 11, 2017, plaintiff received a "FINAL EVICTION WARNING" stating plaintiff's residency was in jeopardy and that plaintiff's resident file will be turned over to their attorney's Friday October 13, 2017 at 10am; and additional legal intake fees of $125.00 will be charged to plaintiff's account. This letter was signed by defendant Hager. Plaintiff states that he tried to get defendant Francisco to be a witness for him with the Seattle Office for Civil Rights, but defendant Francisco stop returning plaintiff's phone calls and voicemails.

The third form of retaliation from defendant Hager happened on February 23, 2018; plaintiff went to the management office to inquire about a "Priority Mail" package (transcript), that was mailed from Ms. Rose Landburg-Transcriptionist and received and signed for by Tressa management office Tuesday 13, 2018, at 2:57pm. Plaintiff states that defendant Hager went into the office cabinet and handed plaintiff a 10 day late Priority Mail from Ms. Landburg; and another piece of Priority Mail received by on or about June 29, 2017; that defendant Hager possibly signed for and put in the office cabinet for over 8 months, before giving it to the plaintiff. Defendant Hager then stated "it's not her job to give plaintiff his mail. Plaintiff then stated to defendant Hager that this is not right and a crime to hold someone's Priority Mail and take it out of plain view and stick it in a office cabinet never to be found again. Plaintiff then stated to defendant Hager that she could have easily given it back to the mailman and told him to do his own job.

The fourth form of retaliation happened on May 11, 2018, around 6pm while plaintiff and another tenant was in the Cabana using the Tressa Residents free WIFI. Earlier this same day plaintiff went into the management office to complain about a letter he received for the second time in 60 days (10-DAY NOTICE TO COMPLY OR QUIT PREMISES), concerning noise coming from plaintiff's apartment. Plaintiff informed defendant Dillard-Compliance Specialist that he's too old to making noise he lives alone. Plaintiff then informed defendant Dillard that he was at work when the complaint was made. Plaintiff then asked that an investigation be ran to find out exactly who is making these false noise complaints against him. Defendant Dillard and Hager informed the plaintiff that is not the ladies that live east and west of the plaintiff apartment, nor is it the tenants who live over nor below him. Plaintiff then accused FPI management for filing false noise complaints against him. Later that evening around 6pm plaintiff and another tenant was

PAGE THREE

using the WIFI when defendant Dillard right before office closing (6pm), cam into the Cabana 3 times looking around. After the third time defendant Dillard left out of the Cabana he intentionally turned off the WIFI. Plaintiff and the other tenant agreed that the WIFI never went off after the office closed for the end of the day. Plaintiff the next day, went to defendant Hager office to complain about defendant Dillard office turning off the WIFI and the noisy neighbor coming from upstairs and as soon as the plaintiff got in front of her office door defendant Hager raised up hand and said she didn't want to here it.

PAGE FOUR

Pro Se 15 2016

### V. INJURIES

*If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.*

EMOTIONAL INJURIES OF FEAR, ANGER, AXIETY AND SUFFERING FROM THE INTENTIONAL ACTS CAUSED BY DEFENDANT HAGER AND OTHERS.

### VI. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.*

COMPENSATION DAMAGES OF $50,000.00

EMOTIONAL DISTRESS AND OTHER HARM TO THE PLAINTIFF'S PERSONALITY OF $100,000.00

PUNITIVE DAMAGES FOR 'EVIL INTENTIONS' OF $10,000,000.00

### VII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 7

Pro Se 15 2016

1   I agree to provide the Clerk's Office with any changes to my address where case-related
2   papers may be served. I understand that my failure to keep a current address on file with the
3   Clerk's Office may result in the dismissal of my case.

4   Date of signing: _July 5, 2018_
5   Signature of Plaintiff _Henry James_
6   Printed Name of Plaintiff _HENRY JAMES_

7

8   Date of signing: _____
9   Signature of Plaintiff _____
10  Printed Name of Plaintiff _____

11

12  Date of signing: _____
13  Signature of Plaintiff _____
14  Printed Name of Plaintiff _____

15
16
17
18
19
20
21
22
23
24

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 8