UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY JAMES,

        Plaintiff,

   v.

FPI MANAGEMENT, INC., et al.,

        Defendants.

CASE NO. C18-998RSM

ORDER GRANTING MOTION TO DISMISS

## I.    INTRODUCTION

This matter is before the Court on Defendants Chin and Lally's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. #52. Defendants bring their Motion arguing that Plaintiff's claims against them are not plausible on their face and fail to adequately state a claim upon which relief can be granted. For the following reasons and because Plaintiff has failed to respond, the Court grants the Motion.

## II.    FACTS

Plaintiff initiated this action based on ongoing disputes with the management company of his apartment building that he alleges are due to his race. Regarding Defendants Chin and Lally, employees of the City of Seattle, Plaintiff's Complaint provides:

> On June 19, 2017, plaintiff filed a complaint with the Seattle Office of Civil Rights ("SOCR") and the Department of Housing and Urban. Plaintiff received an

ORDER – 1

> Acceptance Letter dated June 20, 2017, from the U.S. Department of Housing and Urban Development informing him that his complaint was referred by their office to the Seattle Office for Civil Rights for investigation as required by the Act [42 U.S.C. 3610(f)]. Plaintiff's interview was with defendant Chin-Enforcement Manager for the Seattle Office of Civil Rights. According to the investigatory information given to defendant Lally-Director for Seattle Office of Civil Rights, by defendant Chin, there were dates and years of events wrong. They used apartment 602B to illustrate; plaintiff applied for apartment 620B. Plaintiff states that defendant Chin investigation was inadequate and bias against the plaintiff. On October 26, 2017, defendant Lally denied plaintiff's claims. Plaintiff filed an appeal before the Seattle Human Rights Commission Appeals Committee and was denied on January 18, 2018.

Dkt. #5 at 10 (replicated with errors as it appears in the Complaint).

### III. DISCUSSION

#### A. Legal Standard

A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must include sufficient facts to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration in original) (citations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted). Dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* FED. R. CIV. P. 8(a)(2). Where the court is interpreting the "inartful pleadings of pro se litigants," however, the court is to hold the pleadings to a "less stringent standard than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all facts alleged in the complaint as true and makes all inferences in the light most

favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court need not accept "legal conclusion couched as a factual allegation" and a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 557). Absent facial plausibility, a plaintiff's claims must be dismissed.

**B. Dismissal is Appropriate**

Plaintiff fails to adequately state a claim against Defendants Chin and Lally. First, Plaintiff does not point to any legal basis demonstrating that he can maintain a claim against Defendants for inadequate investigation of his complaint or unadorned bias. Second, Plaintiff does not establish that he was treated differently than any other individual. Third, even if Plaintiff was treated differently, he alleges nothing to demonstrate that the disparate treatment was because of a protected classification. Fourth, Plaintiff does not indicate how Defendants' inadequate investigation of his complaint or the Defendants' bias against him related to any harm he suffered.

Defendants likewise recount various additional reasons that Plaintiff's claims fail. Defendants point out that the Fair Housing Act does not provide a cause of action related to investigations of complaints by municipalities. Dkt. #52 at 3–4. Defendants further point out that the "technical deficiencies" alleged do not give rise to negligence or constitutional claims. *Id.* at 4–5. Further, Defendants point out that the Seattle Municipal Code expressly does not

provide Plaintiff a cause of action in this situation. *Id.* at 5–6. Lastly, Defendants note the total dearth of allegations against Defendant Lally that would support a claim against Defendant Lally. *Id.* at 6. The Court agrees with the deficiencies raised by Defendants.

Last, and perhaps most importantly, Plaintiff has not opposed Defendants' Motion. Pursuant to the Court's Local Civil Rules, Plaintiff's failure to respond is construed as "an admission that the motion has merit." LCR 7(b)(2). For this reason, the reasons detailed above, and the reasons detailed in Defendants' Motion, dismissal is appropriate.

### C. Leave to Amend

When dismissing a complaint for failure to adequately state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend should be granted "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).

Here, leave to amend is not appropriate. Plaintiff's allegations did nothing to demonstrate an inference of an adequate claim against Defendants Chin and Lally. More importantly, Plaintiff has not responded to Defendants' Motion to argue that his claims have merit or that he is willing or interested in pursuing them. As a result, the Court concludes that leave to amend would be futile.

ORDER – 4

## IV. CONCLUSION

Accordingly, having reviewed Defendants' Motion and the rest of the record, the Court finds and ORDERS that Defendants Chin and Lally's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #52) is GRANTED. All of Plaintiff's claims against Defendants Chin and Lally are DISMISSED. This case shall remain open as to Plaintiff's remaining claims.

The Clerk shall send a copy of this Order to Plaintiff via U.S. Mail.

DATED this 1 day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE