UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES, | CASE NO. C18-998RSM |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT |
| v. | |
| FPI MANAGEMENT, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to File Supplemental Complaint. Dkt. #57. On two previous occasions, the Court has denied Plaintiff leave to file a supplemental complaint to add allegations and claims that arose after the filing of his complaint. Dkts. #32 and #41. Defendants FPI Management, Inc., Candace Perrin, Cindy Hager, Kristopher Williamson, Rita Ardeiente, Mizra Hadjaravic and Kristopher Dillard ("FPI Defendants") once again oppose Plaintiff's attempt to file a supplemental complaint. Dkt. #58. For the following reasons, Plaintiff's Motion is granted.

As noted, the Court denied Plaintiff's last two attempts to file a supplemental complaint. Plaintiff's first attempt was denied because "Plaintiff's failure to attach the proposed pleading makes his Motion overly confusing," making "it overly difficult for the Court, and defendants, to consider any prejudice that may result from the Court granting relief." Dkt. #32 at 3.

ORDER – 1

Plaintiff's second attempt was likewise denied for its failures to remedy the deficiencies previously identified by the Court and because it did not make "clear what allegations Plaintiff [sought] to add to his Complaint." Dkt. #41 at 2.

This time, Plaintiff has remedied those procedural deficiencies, attaching a proposed Supplemental Complaint to his underlying Motion. Dkt. #57-1. In full, Plaintiff has filed a motion seeking leave to file his supplemental complaint, has provided his purpose for doing so, has provided legal authority in support of the relief he seeks, and has attached a proposed Supplemental Complaint. Dkts. #57 and #57-1.

The Court has broad discretion to allow supplemental pleadings under Federal Rule of Civil Procedure 15(d), with a primary goal of promoting judicial efficiency. *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). Rule 15(d) allows the Court to fully address a dispute and grant complete, or nearly complete, relief and "[i]ts use is therefore favored." *Volpe*, 858 F.2d at 473. But the Court is also to consider any prejudice resulting to other parties. *Lyon v. U.S. ICE*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (considering the *Foman* factors and noting "it is the consideration of prejudice to the opposing party that carries the greatest weight") (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (quotation marks omitted).

FPI Defendants argue that they will be prejudiced because the allegations of the proposed Supplemental Complaint "are futile" and "a waste of time." *See* Dkt. #58. FPI Defendants do not cite to authority indicating that the Court should consider futility in the context of a supplemental complaint, and it is not clear that the Court should. 6A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1510 (3d ed.) (noting that "[c]ourts generally do not examine the substantive merits of the supplemental pleading at the time leave is

ORDER – 2

requested"); Fed. R. Civ. P. 15(d) ("The court may permit supplementation even though the original pleading is defective in stating a claim or defense."). Whatever the merit of Defendants' substantive challenges to Plaintiff's Supplemental Complaint, the Court does not find this to be the appropriate time or appropriate record on which to consider those challenges.

Accordingly, having considered the briefing and the relevant record, the Court finds and ORDERS that Plaintiff's Motion for Leave to File Supplemental Complaint (Dkt. #57) is GRANTED. Within fourteen (14) days of this Order, Plaintiff shall file the "Supplemental Complaint" attached to his Motion (Dkt. #57-1). Within twenty-one (21) days of the date on which they are served with a copy of Plaintiff's Supplemental Complaint, Defendants shall serve responsive pleadings or responsive motions as may be appropriate. The Clerk shall provide Plaintiff a copy of this Order by U.S. mail, at his last known mailing address.

DATED this 27 day of August, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3