UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES, | CASE NO. C18-998RSM |
| Plaintiff, | ORDER |
| v. | |
| FPI MANAGEMENT, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's (1) Motion for Extension to Conduct Discovery – Change of Address and (2) Motion for Extension of Time to File "Supplemental Complaint." Dkts. #63 and #71. Defendants have responded to Plaintiff's Motion for Extension to Conduct Discovery. Dkt. #66. Defendants have not yet responded to Plaintiff's Motion for Extension of Time to File "Supplemental Complaint," but the Court finds a response unnecessary to its resolution of the Motion. For the following reasons, Plaintiff's Motions are denied.

**A. Legal Standard**

Both of Plaintiff's Motions are governed by the same legal standard. Federal Rule of Civil Procedure 16 permits modifications to case schedules "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); LCR 16(b)(5). The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive

ORDER – 1

effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir.1992)) (quotation marks omitted). By local rule, this Court clarifies that "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5).

### B. Motion for Extension to Conduct Discovery

On May 30, 2019, the Court set a trial date and related deadlines in this matter. Dkt. #53. The Court required that motions related to discovery be filed by August 30, 2019, and that discovery be completed by September 30, 2019. *Id.* at 1. The deadline to file dispositive motions is October 29, 2019. *Id.*

On August 29, 2019, Plaintiff mailed his Motion seeking to extend the discovery deadline. Dkt. #63. Plaintiff indicates that he "was in the process of drawing up his discovery motion" before being required to surrender to jail on August 23, 2019. *Id.* at 1. Plaintiff indicates that he needs forty-five additional days to complete discovery. *Id.* at 2.

Defendants have responded in opposition, indicating that Plaintiff has not sought any discovery while this action has been pending for more than a year. Dkt. #66 at 2. Defendants indicate that they are prepared to file a motion for summary judgment and assert that any extension will require a change to the trial date and related deadlines. *Id.*

The Court does not find good cause for an extension of time to complete discovery. Plaintiff offers no explanation for his failure to conduct discovery up until this point and any prejudice he now faces because of his failure to conduct discovery cannot serve as good cause. *See* LCR 16(b)(5). Further, Plaintiff was aware of the impending deadline to conduct discovery and has given no indication that he attempted to meet the existing deadline. LCR 7(j) ("Parties should not assume that the motion will be granted and must comply with the existing deadline

ORDER – 2

unless the court orders otherwise."). Lastly, even if Plaintiff was granted a forty-five-day extension, the Court has no reason to assume that Plaintiff would timely complete discovery.

### C. Motion for Extension of Time to File "Supplemental Complaint"

On August 27, 2019, the Court granted Plaintiff's third motion seeking leave to file a supplemental complaint. Dkt. #62. The Court's Order required Plaintiff to file his supplemental complaint within fourteen (14) days. *Id.* Plaintiff did not timely file his supplemental complaint.

On September 30, 2019, Plaintiff filed a Motion seeking additional time to file his Supplemental Complaint. Dkt. #71. Therein, Plaintiff explains that his failure to comply with the Court's previous Order was again the result of him having to "turn himself into custody . . . for violations of his 'Electronic Home Detention'" on August 23, 2019. *Id.* at 1. Plaintiff indicates that he did not receive a copy of the Order because the Clerk did not have his correct address. *Id.*

The Court does not find good cause warranting an extension. Plaintiff is tasked with the responsibility of keeping the Court apprised of his current address. LCR 7(f) ("The address . . . of the party . . . noted on the first pleadings, motions or other filing or as changed by individual notice, shall be conclusively taken as the last known address . . . of said party or attorney."). Plaintiff had advanced notice of his need to surrender and could have taken the opportunity to update the Court at that time. Under these circumstances, the Court cannot excuse Plaintiff's failure to comply with its prior Order. Further, as noted above, the cutoff for discovery has passed and will not be extended and allowing Plaintiff's late filing of a supplemental complaint without allowing Defendants an opportunity to conduct discovery as to those claims would be inequitable.

ORDER – 3

**D. Conclusion**

Accordingly, the Court, having reviewed Plaintiff's Motions, responsive briefing, and the remainder of the record finds that Plaintiff has not established good cause warranting extensions and ORDERS:

1. Plaintiff's Motion for Extension to Conduct Discovery – Change of Address (Dkt. #63) is DENIED.
2. Plaintiff's Motion for Extension of Time to File "Supplemental Complaint" (Dkt. #71) is DENIED.
3. The Clerk shall mail Plaintiff a copy of this Order at his last known mailing address.

DATED this 15 day of October, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE