UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>      Plaintiff,<br><br>    v.<br><br>FPI MANAGEMENT, INC., et al.,<br><br>      Defendants. | CASE NO. C18-998RSM<br><br>ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter is before the Court on two motions for summary judgment on Plaintiff's claims of racial discrimination and retaliation. Dkts. #75 and #79. Defendants FPI Management, Candace Perrin, Shannon Dustin, Kristopher Williamson, Rita Ardeiente, Mizra Hadjaravic, and Kristopher Dillard (collectively, "FPI Defendants") seek dismissal on grounds of improper service and the merits of Plaintiff's claims. Dkt. #75. Defendant Cindy Hager ("Defendant Hager") seeks summary judgment separately on the merits of Plaintiff's claims against her. Dkt. #79. Plaintiff has not responded to Defendants'[1] Motions. The Court grants the Motions.

---

[1] The Court uses "Defendants" to refer to both the FPI Defendants and Defendant Hager. The only other remaining defendant is Brannden Francisco. From the record, Plaintiff does not appear to have properly served Brannden Francisco. Dkt. #23. By separate order, the Court orders Plaintiff to show cause on his failure to properly serve defendant Brannden Francisco.

ORDER – 1

## II. BACKGROUND[2]

**A. Plaintiff Seeks to Change Apartments Within a FPI-Managed Apartment Complex**

Plaintiff moved into the Tressa apartments—managed by FPI Management, which employed the other Defendants—in September 2013 and renewed his rental agreement yearly. Dkt. #76 at ¶¶ 3, 5. In June 2016, Plaintiff sought to transfer to a larger apartment. *Id.* at ¶ 6. As part of that process, Plaintiff's existing unit was inspected and found to have bleach stains on the carpet. Dkt. #77, Exhs. 2–4. Plaintiff's transfer request was denied. Following Plaintiff's strong complaints, the denial was undone, and the transfer request process continued. Dkt. #76 at ¶ 7. Because Plaintiff receives rental assistance, one part of the continued transfer process was verification of his employment and income. Plaintiff provided what he claimed was the correct information under penalty of perjury. *Id.*, Exh. 3. However, Defendants were not able to verify Plaintiff's employment status and income. Dkt. #77, Exhs. 4–8; Dkt. #80, Exh. A–B. After Defendants were unable to verify Plaintiff's employment and income, Plaintiff withdrew his transfer request in July 2016, indicating that he was no longer employed. *Id.*

**B. Plaintiff Alleges Discrimination**

In June 2017, Plaintiff filed a complaint with Seattle's Office of Civil Rights ("SOCR") alleging that unfair housing practices had occurred under the Seattle Municipal Code and federal law. Dkt. #77, Exh. 10. Noting that Plaintiff could not establish that he was qualified to rent the dwelling or that his application was rejected, SOCR found "no reasonable cause to believe that an unfair housing practice has been committed with respect to discriminatory acts under the

---

[2] The Court relies on the factual record established by Defendants in support of their Motions as Plaintiff has not submitted any evidence in opposition and cannot rely on the allegations of his unverified complaint. *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006). In fact, Defendant Hager clarifies that Plaintiff "has provided no discovery at all in this matter, including a failure to provide . . . Initial Disclosures" and further notes that discovery has closed. Dkt. #79 at 7.

ORDER – 2

Seattle Municipal Code 14.08, as amended, nor Sections 804b or f of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act of 1988." *Id.* Plaintiff appealed to the Seattle Human Rights Commission ("SHRC"), which affirmed the decision. *Id.*, Exh. 11.

### C. Plaintiff's Failures to Pay Rent

In 2017, the Seattle Housing Authority ("SHA") altered the amount of rent it covered for Plaintiff, resulting in a credit on his account as of September 1, 2017. Dkt. #76 at ¶ 14 and Exh. 7. However, Plaintiff failed to pay his portion of the rent in September and October 2017. *Id.* at ¶ 15 and Exh. 7. A late fee was assessed and then removed after SHA submitted an untimely payment. *Id.* Plaintiff paid a portion of the balance due on October 6, 2017 and resolved the balance owing on October 23, 2017. *Id.* at ¶ 16. No eviction action was pursued.

In August 2018, Plaintiff again failed to pay his portion of the rent. *Id.* at ¶ 17. After Plaintiff failed to pay, FPI Defendants initiated unlawful detainer proceedings. *Id.* at ¶¶ 17–19. However, after learning that Plaintiff has initiated this lawsuit, FPI Defendants terminated the unlawful detainer proceeding. Dkt. #78 at ¶ 6.

### III. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the non-moving party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 251. Uncorroborated allegations and self-serving testimony will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987). Rather, the non-moving party must make a "sufficient showing on [each] essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where a plaintiff fails to respond to a motion for summary judgment, the court may not grant the motion as a matter of course. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) ("[A] motion for summary judgment may not be granted based on a failure to file an opposition to the motion."); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "Rule 56 requires district courts to assess whether 'the motion and supporting materials' entitle the movant to summary judgment." *Heinemann*, 731 F.3d at 916 (quoting FED. R. CIV. P. 56(e)(3)). However, "the opposing party's failure to respond to a fact asserted in the motion permits a court to 'consider the fact undisputed for purposes of the motion.'" *Id.* (quoting FED. R. CIV. P. 56(e)(2)). Likewise, a plaintiff cannot rely on the allegations of its unverified complaint to create genuine disputes of material facts. *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006) (plaintiff cannot rely on unverified complaint "as evidence at the summary judgment stage").

ORDER – 4

B. **Summary Judgment Is Appropriate**

   1. **Failure to Serve**

FPI Defendants note that Plaintiff purports to have served Ms. Perrin, Ms. Dustin, Mr. Williamson, Ms. Ardeiente, Mr. Hadjaravic, and Mr. Dillard by delivering documents to Defendant Hager at the Tressa Leasing Office.[3] Dkts. #9–#15. FPI Defendants note that: 1) Federal Rule of Civil Procedure 4(e) does not provide for service at an individual's place of employment or by leaving it with an individual's manager; and 2) Federal Rule of Civil Procedure 4(m) requires Plaintiff to serve defendants within ninety days of filing his Complaint. Dkt. #75 at 14–15. For the reasons specified by FPI Defendants, the Court agrees that service on these individuals was not proper and Plaintiff's claims fail for that reason. *Id.*

FPI Defendants likewise establish that Plaintiff's service on Defendant FPI Management was not proper. Dkt. #75 at 15. FPI Defendants note that Federal Rule of Civil Procedure 4(h), dealing with service on corporations, does not provide for service on an employee or for service by mailing to the corporations registered agent. *Id.* As Plaintiff has not established proper service on FPI Management, *see* Dkt. #21, and the Court agrees that his claims fail for that reason.

   2. **Racial Discrimination in Housing Claims**

FPI Defendants[4] maintain that even if Plaintiff's claims against them did not fail for lack of proper service, his claims fail on their merits. A plaintiff pursuing a racial housing discrimination case "must prove: 1) that he or she is a member of a racial minority; 2) that he or she applied for and was qualified to rent or purchase certain property or housing; 3) that he or

---

[3] Defendant Hager does not, herself, contest service. Dkt. #79.

[4] Defendant Hager does not directly address Plaintiff's discrimination claims other than joining FPI Defendants' arguments, noting that Plaintiff has not made any allegations related to Defendant Hager in pleading those claims, and noting that there is not any evidence that she was involved. Dkt. #79 at 5–7.

ORDER – 5

she was rejected; and 4) that the housing or rental opportunity remained available thereafter." *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980); Dkt. #75 at 16 (setting forth equivalent standard). The Court agrees with Defendants, and consistently with the SOCR, that Plaintiff lacks evidence establishing a genuine dispute of material fact over whether he was qualified to rent the apartment at issue and whether he was rejected. Dkt. #75 at 16–17; Dkt. #77, Exh. 10. Plaintiff's claims fail as a matter of law.

### 3. Washington State Law Retaliation Claim

Plaintiff asserts state law retaliation claims. Dkt. #5 at 7 (citing WASH. REV. CODE §§ 59.18.250, .250). As FPI Defendants summarize:

> Landlords are not permitted to evict or raise the rent for a tenant within ninety days of the tenant filing a good faith civil complaint or making a complaint to a governmental agency. *See* [WASH. REV. CODE § ]59.18.240. With respect to the burden of proof, there is a rebuttable presumption that such eviction or rent increase is retaliatory against the tenant. *See* [WASH. REV. CODE § ]59.18.250. However, if the tenant has not paid his rent at the time of the eviction notice, there is a rebuttal presumption that the eviction is not a reprisal or retaliatory action against the tenant:
>
> . . . PROVIDED, That if at the time the landlord gives notice of termination of tenancy pursuant to chapter 59.12 RCW the tenant is in arrears in rent or in breach of any other lease or rental obligation, there is a rebuttable presumption affecting the burden of proof that the landlord's action is neither a reprisal nor retaliatory action against the tenant: . . . .

Dkt. #75 at 17–18 (quoting WASH. REV. CODE § 59.18.250).

On the record before the Court, Plaintiff has submitted no evidence establishing that Defendants retaliated against him following the actions he took. Conversely, Defendants establish that Plaintiff was in arrears in rent, leading to a presumption that the action is not retaliatory. Dkt. #75 at 17–20; Dkt. #79 at 8–9. For the reasons laid out by Defendants, the Court concludes that no genuine dispute as to any material fact exists. Dkt. #75 at 17–20; Dkt. #79 at 8–11. Plaintiff's retaliation claims fail as a matter of law.

## IV. CONCLUSION

Accordingly, and having reviewed the Motions, the briefing, and the remainder of the record, the court finds and ORDERS:

1. FPI Defendants' Motion for Summary Judgment (Dkt. #75) is GRANTED.
2. Defendant Cindy Hager's Motion for Summary Judgment and Joinder in Defendant FPI Management, Inc.'s Motion for Summary Judgment If Any (Dkt. #79) is GRANTED.
3. All of Plaintiff's claims against Defendants FPI Management Inc., Shannon Dustin, Candace Perrin, Cindy Hager, Kristopher Williamson, Rita Ardeiente, Mirza Hadjaravic, and Kristopher Dillard, are DISMISSED with prejudice.
4. This matter remains open only as to Defendant Brannden Francisco.
5. The Clerk shall mail Plaintiff a copy of this Order at his last known mailing address.

DATED this 2 day of December, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE